UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUGLAS EARL MEYER,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL WILSON, DAN MCCARY, *et al.*,<br><br>    Defendants. | No.  CV-11-5138-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT RE: CONSPIRACY CLAIM** |

Before the Court is Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, ECF No. 33. The motion was heard without oral argument. For the reasons set forth below, the Court grants the motion and dismisses Plaintiff's conspiracy claim from his Third Amended Complaint, and dismisses Defendant Dan McCary from this action.

## BACKGROUND

In this *pro se* case brought under 42 U.S.C. § 1983, Plaintiff alleged a variety of constitutional violations stemming from a police investigation into his failure to register as a sex offender in Benton County, Washington.[1] By Order dated August 21, 2012, the Court granted, in part, Defendant's Motion to Dismiss. *See* ECF No. 25. The Court found Plaintiff stated a claim for unreasonable search and seizure that occurred on October 20, 2009, but dismissed the following for

---

[1] For a full recitation of the background facts in this case, *See* Order Denying, in part, and Granting, in part, Defendants' Motion to Dismiss, ECF No. 25.

**ORDER GRANTING DEFS.' MOT. TO DISMISS** * 1

q:\rhw\acivil\2011\meyer\order mtd 3rd amended cx.docx

failure to state a claim: 1) claim for violation of due process rights due to illegal police public disclosure of his sex offender status (with prejudice), 2) claim for false arrest and unlawful detention and, 3) conspiracy claim pursuant to 42 U.S.C. § 1985 (with leave to amend). In his Third Amended Complaint, ECF No. 31, filed on September 26, 2012, Plaintiff amended the conspiracy claim alleged in the prior complaint, as permitted by the Court. Defendants again move the Court to dismiss Plaintiff's conspiracy claim and to dismiss Defendant McCary. ECF Nos 33-34. Plaintiff did not respond to the instant motion.

## ANALYSIS

### A. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir.1997) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017, 1022 (9th Cir.2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir.2003). Upon dismissal, leave to amend is freely given by

**ORDER GRANTING DEFS.' MOT. TO DISMISS** * 2

the court, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir.1992).

Ordinarily, a pro se complaint will be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The pro se complaint will be dismissed only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir.1992) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the Court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982); *see also Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir.1995) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

### B.  Plaintiff's Conspiracy Claim – 42 U.S.C. § 1985

In his Third Amended Complaint, Plaintiff asserts that Defendants McCary and Wilson conspired to "not to conduct an investigation into Defendant Wilson's actions" regarding Wilson's disclosure to Plaintiff's neighbor of his status as a sex offender. ECF No. 31 at 8. After speaking with Defendant Wilson, Defendant McCary decided not to conduct an investigation, because he believed Officer Wilson had the authority to disclose Plaintiff's status.. *Id.* Plaintiff further alleges that during his meeting with Defendant McCary on September 28, 2011, he was not allowed to see the file regarding his complaint. *Id.*

To have an actionable conspiracy claim, Plaintiff must establish (1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement. *Ting v. United States,* 927 F.2d 1504, 1512-13 (9th Cir. 1991). To survive summary dismissal of the complaint, "the plaintiff must

**ORDER GRANTING DEFS.' MOT. TO DISMISS** \* 3

state specific facts to support the existence of the claimed conspiracy." *Olsen v. Idaho State Bd. Of Med.,* 363 F.3d 916, 929 (9th Cir. 2004).

Here, the Court agrees with Defendants and finds that Plaintiff's conspiracy claim, liberally construed, must be dismissed because Plaintiff has failed to identify the violation of a recognized constitutional right. Plaintiff's argument that his constitutional rights were violated when Defendant McCary did not investigate Defendant Wilson, fails as a matter of law because there is not constitutional right to a police investigation. *See Gomez v. Whitney,* 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) (noting that an inadequate investigation alone does not "involve[ ] the deprivation of a protected right," but must involve "another recognized constitutional right."). As such, Plaintiff has not identified a recognized constitutional right to which he can anchor his claim. Rather, he vaguely asserts that failing to investigate was part of a conspiracy to deprive him of his civil rights.

Moreover, the Court found that Defendant's Wilson's actions did not rise to the level of a constitutional violation and dismissed Plaintiff's § 1983 Due Process claim for disclosure of his sex offender status to Plaintiff's neighbor Ms. Roberts. *See* Prior Order, ECF No. 25 at 5-7. The Ninth Circuit has noted that "the absence of a Section 1983 deprivation of rights precludes a Section 1985 conspiracy claim predicated on the same allegations." *Caldeira v. County of Kauai,* 866 F.2d 1175, 1182 (9th Cir.1989). Therefore, because Plaintiff's claim for disclosure of his status as a sex offender is not cognizable as a § 1983 violation, it cannot form the basis of a § 1985 conspiracy claim. Plaintiff's conspiracy claim is dismissed with prejudice.

Finally, as Defendant McCary was not involved in the remaining unlawful search and seizure claim, as alleged in Plaintiff's Third Amended Complaint, he is dismissed from this action.

///

///

///

**ORDER GRANTING DEFS.' MOT. TO DISMISS** * 4

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint regarding the conspiracy claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which can be granted, ECF No. 33 is **GRANTED**.

2. Defendant Dan McCary is **DISMISSED**, **with prejudice** from this action.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and the Plaintiff.

**DATED** this 17th day of January, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFS.' MOT. TO DISMISS** * 5

q:\rhw\acivil\2011\meyer\order mtd 3rd amended cx.docx