1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7   DOUGLAS EARL MEYER,

8           Plaintiff,                              No.  CV-11-5138-RHW

9           v.                                      **ORDER DENYING PLAINTIFF'S**
                                                    **MOTION FOR SUMMARY**
10  MICHAEL WILSON,                                 **JUDGMENT AND MOTION TO**
                                                    **STRIKE**
11          Defendant.

12

13

14          Before the Court are Plaintiff's Motion for Summary Judgment and Motion

15  to Strike, ECF Nos. 36, 51. In the first motion, Plaintiff moves for summary

16  judgment arguing that Defendant's conduct violated his Fourth Amendment rights

17  during an illegal search and seizure of his home that occurred on October 20,

18  2009.[1] Plaintiff submitted a Memorandum in Support, ECF No. 39, and a

19  Statement of Undisputed Facts in Support, ECF No. 40. In response, Defendants

20  submitted a Memorandum in Opposition, ECF No. 43, Objections and Statement

21  of Facts in Opposition, ECF No. 44, and a Declaration of Michael Wilson with two

22  exhibits attached, ECF No. 45. Plaintiff has also replied, ECF No. 50.

23          In his second motion, Plaintiff moves to strike the Defendant's Answer,

24  Defenses, and Affirmative Defenses to Plaintiff's Third Amended Complaint, ECF

25  No. 49, pursuant to FED R. CIV. P. 12(f). In opposition to the motion to strike,

26  Defendant has responded, ECF No. 52. These motions were heard without oral

27  ---
[1] For a detailed account of the facts in this case, *See* ECF No. 25 at 1-4.

28  **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
    **AND MOTION TO STRIKE * 1**

argument. The Court is fully informed, having reviewed all documents in support of, and in opposition to, the motions. Based on the reasons set forth below, the instant motions are denied.

## PROCEDURAL BACKGROUND

On October 3, 2011, Plaintiff filed a § 1983 action against Defendants Michael Wilson and Dan McCary. ECF Nos. 1, 4. Plaintiff asserted that his Constitutional rights were violated by (1) illegal police public disclosure; (2) illegal search and seizure (3) illegal incarceration, and (4) conspiracy to violate his constitutional rights and deny him his right to seek legal redress. *Id.*

On August 21, 2012, the Court granted, in part, Defendant's Motion to Dismiss. *See* ECF No. 25. The Court found Count Two stated a claim for illegal search and seizure, but Counts One, Three, and Four failed to state a claim, and were dismissed. In his Third Amended Complaint, ECF No. 31, filed on September 26, 2012, Plaintiff amended the conspiracy claim alleged in the prior complaint, as permitted by the Court. On January 17, 2013, however, the Court granted Defendant's motion to dismiss this claim as well, and dismissed Defendant McCary. ECF No. 48. Plaintiff now moves the court for summary judgment as to his second claim, for unreasonable search and seizure, and to strike Defendant's Answer to the Third Amended Complaint, ECF No. 31.

## I.    LEGAL STANDARD

### A.    Summary Judgment

Summary judgment is appropriate when the moving party demonstrates there are no genuine issues as to any material fact. FED. R. CIV. PRO. 56(c). The moving party must first inform the court of the basis for its motion and identify the portions of the affidavits, pleadings, and discovery that demonstrate an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it might affect the outcome of the suit under the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE * 2**

governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248. If the moving party meets its initial burden, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B.    Motion to Strike**

Rule 12(f) provides that a federal court may strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.,* 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Thus, courts generally grant a motion to strike only where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.,* 814 F. Supp. 820, 830 (N.D. Cal. 1992).

## II.    DISCUSSION

**A.    Plaintiff's Motion for Summary Judgment**

In a summary judgment motion, the moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE \* 3**

This motion must be supported with citations to the record. FED. R. CIV. P. 56(c)(1)(A). If citing to affidavits, it must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). A written, unsworn statement may substitute for an affidavit if it is subscribed as true under penalty of perjury. *See* Advisory Committee Note on 2010 Amendment to subdivision (c) of Rule 56.

"A district court does not have a duty to search for evidence that would create a factual dispute." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) (*citing Carmen v. S.F. Unified Sch. Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2001)). As the Ninth Circuit recognized, it would be "unfair" to the district court to require it "to search the entire record" if a party fails to "disclose where in the record the evidence for [the factual claims] can be found". *Id.* If a party fails to meet its initial responsibility of informing the district court of the basis for its motion and establishing the absence of genuine issues of material facts, summary judgment must be denied. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 160 (1970) (*citing* Advisory Committee Note on 1963 Amendment to subdivision (e) of Rule 56).

## 1.    Plaintiff's Evidentiary Support

At this point in the proceedings, Plaintiff cannot rely solely upon the allegations contained in his motion for summary judgment. *See Rivera v. National R.R. Passenger Corp.*, 331 F.3d 1074, 1079 (9th Cir. 2003) (noting that conclusory allegations made in the complaint and in declarations unsupported by independent evidence cannot create genuine issues of material fact).

To support his motion, Plaintiff submits a "Statement of Undisputed Facts in Support of Motion for Summary Judgment." ECF No. 40. This Statement is simply a collection of factual assertions made by Plaintiff from his personal knowledge. It is not a formal affidavit or declaration. Nor is it an unsworn

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE * 4**

document that has been subscribed as true under the penalty of perjury. Thus, this statement is not admissible as evidence and may not be used to support the summary judgment motion.

Plaintiff's only admissible evidence in support of his motion is the "Declaration of Tammy Lee Rose in Support of Motion to Suppress," filed originally in Benton County Superior Court on November 30, 2010. *See* ECF No. 4, App. F.  This declaration was attached to Plaintiff's original complaint and labeled "Appendix F". *Id.* Although the Declaration may meet the technical requirements under Rule 56, it is questionable whether Plaintiff's passing references are sufficient to even meet the moving party's initial burden to present evidence of an absence of material fact. It is not for the court to search for the evidence; it should be presented to the court along with the relevant motion. Because Plaintiff failed to support his motion with admissible evidence, he has failed to meet the initial burden showing an absence of material fact and the motion is denied on this basis.

However, assuming arguendo that Plaintiff met his initial burden, the Court denies the instant motion on an alternative basis as well. Defendant has demonstrated genuine issues of material fact regarding consent that await resolution at trial. This issue is considered briefly below.

**2.    Genuine Issues of Material Fact Remain Regarding Consent**

Plaintiff asserts in his "Memorandum in Support of Plaintiff's Motion for Summary Judgment," ECF No. 39, that Defendant Wilson bullied his way into Plaintiff's home. Plaintiff claims this fact is undisputed, based on the current record, and moves for summary judgment on the issue of qualified immunity regarding Defendant Wilson.

///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE \* 5**

1    In response, Defendant submitted a "Memorandum in Opposition to

2  Summary Judgment," ECF No. 43, along with the "Declaration of Michael Wilson

3  in Support of Defendants' Memorandum in Opposition to Plaintiff's Motion for

4  Summary Judgment," ECF No. 45. Defendant Wilson declares under penalty of

5  perjury that Plaintiff's roommate, Ms. Rose, invited him into the home to look for

6  the Plaintiff and at no time did he bully her into permission to enter the home. ECF

7  No. 45 at 1-3. Whether Ms. Rose invited Defendant into her home, or whether he

8  pressured her, as she claims in her Declaration dated Nov. 30, 2010, ECF No. 4, is

9  a fact still unresolved. Further, this is a material fact that directly affects the

10  outcome of Plaintiff's remaining Fourth Amendment claim, because resolution of

11  the issue turns on whether there was valid, uncoerced, consent. *See, e.g., United*

12  *States v. Chan-Jimenez*, 125 F.3d 1324, 1327 (9th Cir. 1997).

13    Moreover, in a summary judgment motion, all conflicts of testimony are

14  resolved in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S.

15  871, 888 (1990) (noting "where the facts specifically averred by [the nonmoving

16  party] contradict facts specifically averred by the movant, the motion must be

17  denied"). For the purposes of this motion, the Court must take Defendant's sworn

18  statement that he was invited into the home as true. Consequently, a jury could find

19  in Defendant's favor and that consent was freely given. Since Defendant has

20  produced sufficient evidence contradicting Plaintiff's evidence, there remain issues

21  of material fact to be resolved at trial. Summary judgment is not proper.

22    Finally, Plaintiff contends that the search was invalid because Defendant

23  Wilson failed to provide the necessary constitutional warning (the Court assumes

24  this references a *Ferrier*[2] warning). ECF No. 39. Plaintiff asserts this is an

25  undisputed fact and, thus, summary judgment is proper. Regardless of the veracity

26  of that fact, Defendants correctly argue that whether consent was voluntary or the

27  [2] *See State v. Ferrier*, 136 Wn.2d 103 (1998).

28  **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND MOTION TO STRIKE * 6**

product of duress is to be determined from the totality of all the circumstances citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 277. A warning under *Ferrier* is only one of the factors for a jury to consider in determining whether a search was voluntary or the product of duress or coercion -- and in no way would be dispositive of this case.

Even if Plaintiff had supported his motion with admissible evidence on this issue, the motion would still be denied as genuine issues of material fact remain to be tried in this case. Therefore, summary judgment is not proper.

### 3.    Qualified Immunity

The Court also notes that the issue of whether Defendant is entitled to qualified immunity was first presented by Plaintiff in his "Memorandum in Support of Plaintiff's Motion for Summary Judgment." ECF No. 39 at 7-10. The Plaintiff also included argument regarding this issue in his Reply. *See* ECF No. 50 at 7-10. Plaintiff asks the Court to grant summary judgment and hold that Defendant is not entitled to a qualified immunity defense. The Court declines to do so. Any discussion of this issue by Plaintiff before Defendant has briefed this issue is premature, and will not be considered herein. Instead, the Court will wait for Defendant's own motion for summary judgment, which has yet to be filed.

### B.    Plaintiff's Motion to Strike

Plaintiff also moves the Court to strike Defendant's Answer to the Third Amended Complaint under Rule 12(f). ECF No. 51. Specifically, he contends that Defendant's arguments are redundant. *Id.* at 1. After reviewing Defendant's Answer, Defenses, and Affirmative Defenses to Plaintiff's Third Amended Complaint, ECF No. 49, the Court is unable to find any insufficiently pled defenses or any redundant, immaterial, or impertinent matter that would warrant striking the pleading. *See* Fed. R. Civ. P. 12(f).

///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE * 7**

1

## III.    CONCLUSION

2          The Court denies Plaintiff's Motion for Summary Judgment, finding lack of

3   evidentiary support and remaining genuine issues of material fact. Also, the Court

4   declines to strike the Defendant's Answer to the Third Amended Complaint.

5          Accordingly, **IT IS HEREBY ORDERED**:

6          1.  Plaintiff's Motion for Summary Judgment, ECF No. 36, is **DENIED.**

7          2.  Plaintiff's Motion to Strike Answer to Amended Complaint, ECF No. 51,

8   is **DENIED**.

9          **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

10  Order and forward copies to counsel and Plaintiff.

11         **DATED** this 12th day of February, 2013.

12

13                              _s/Robert H. Whaley_
                                ROBERT H. WHALEY
14                          Senior United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28
**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND MOTION TO STRIKE * 8**